IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL GALLAGHER,      )
                         )
         Plaintiff,    )      5: 00 CV 1161
                         )
       v.               )
                         )
                         )
THE IBEW LOCAL UNION NO. 43, )    MEMORANDUM AND ORDER
BURNS ELECTRIC CO., INC., and )
RIDLEY ELECTRIC,         )
                         )
         Defendants.   )
_____)

       This matter is before the Court on plaintiff Michael
Gallagher's ("Gallagher") motion to strike the bill of costs of
defendants Ridley Electric ("Ridley") and the IBEW Local Union
No. 43 (the "Union") (Filing Nos. 147, 152).

## BACKGROUND

       Following a bench trial, the Court dismissed
Gallagher's complaint with prejudice on October 15, 2008 (Filing
No. 144).  On October 24, 2008, Ridley filed a revised bill of
costs (Filing No. 146), and on November 12, 2008, the Union filed
a bill of costs (Filing No. 148).  Gallagher moved to strike both
bills of costs (Filing Nos. 147, 152).

## DISCUSSION

       Rule 54(d) of the Federal Rules of Civil Procedure
permits the Court to award the prevailing party its costs.
*United States for Use and Benefit of Evergreen Pipeline Const.
Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 171 (2d Cir.

1996).  However, the Court may only award costs that are
authorized by statute or contract.  *Id.*  If costs are authorized,
the Court has discretion to determine the recoverable amount.
*Id.*  Title 28, U.S.C. § 1920 identifies the costs that may be
awarded to a prevailing party.  Section 1920 provides:

> A judge or clerk of any court of
> the United States may tax as costs
> the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or
> electronically recorded transcripts
> necessarily obtained for use in the
> case;
> (3) Fees and disbursements for
> printing and witnesses;
> (4) Fees for exemplification and
> the costs of making copies of any
> materials where the copies are
> necessarily obtained for use in the
> case;
> (5) Docket fees under section 1923
> of this title;
> (6) Compensation of court appointed
> experts, compensation of
> interpreters, and salaries, fees,
> expenses, and costs of special
> interpretation services under
> section 1828 of this title.
>
> A bill of costs shall be filed in
> the case and, upon allowance,
> included in the judgment or decree.

Ridley seeks costs for legal research fees and costs under
subsections 2, 3, and 5 of section 1920.  The Union seeks costs
under subsections 2 and 4 of section 1920.

**1. LEGAL RESEARCH COSTS**

Ridley seeks $2,316.55 for Westlaw charges incurred while conducting legal research.  Computer research is not a taxable cost.  *United States for Use and Benefit of Evergreen Pipeline Const. Co.*, 95 F.3d at 173.  Accordingly, these costs will be denied.

**2. FEES FOR TRANSCRIPTS**

Ridley seeks $1410.92 for deposition transcript costs, and the Union seeks $941.32 for deposition transcript costs.  To recover transcript costs, the transcripts must have been "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  "The fact that the deposition is not received in evidence at the trial does not necessarily prevent the taxation of its cost." *Elec. Specialty Co. v. Int'l Controls Corp.*, 47 F.R.D. 158, 162 (S.D.N.Y. 1969).  However, the prevailing party cannot recover costs for deposition transcripts that are obtained merely for counsel's convenience.  *Id.*; *see also Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008).

If recoverable, the generally allowed costs include the cost for the original deposition transcript and one copy of the transcript. *Keesh v. Smith*, No. 9:04-CV-0779, 2008 WL 2242622, at *4 (N.D.N.Y. May 29, 2008).  Postage and handling charges are

-3-

not recoverable.  *Cleveland v. North Am. Van Lines, Inc.*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994).

In this case, Ridley and the Union seek transcript costs for the deposition testimony of several individuals.  The Court finds that transcripts of Mr. Gallagher's testimony were necessarily obtained for use in the case, and therefore, the defendants should recover the costs of the transcripts of Mr. Gallagher's testimony.  In addition, the Union may recover costs for transcripts of Mr. Burns's testimony because Mr. Burns was not available for examination at trial.  The Court will not permit either defendant to recover costs for transcripts of the remaining individuals.  This case was not overly complex or lengthy, and the defendants did not use deposition testimony at trial for evidentiary or impeachment purposes.  The defendants have not demonstrated that they obtained the transcripts of the additional individuals' testimony for any reason other than counsels' convenience.

Ridley may recover the cost of the original transcript and one copy of Mr. Gallagher's deposition, and the Union may recover the cost of the original transcript and one copy of Mr. Gallagher's testimony and the copy of Mr. Burns's testimony.

-4-

Accordingly, Ridley should recover $103.85, and the Union should recover $186.35.[1]

## 3. FEES FOR WITNESSES

Ridley seeks $4700 for expert witness fees.  The prevailing party may recover witness fees under section 1920(3).  "However, where an expert is not court-appointed, reimbursement is limited to a $40.00 witness fee and up to $75.00 for travel costs." *Cleveland*, 154 F.R.D. at 38; *see* 28 U.S.C. § 1821.  A prevailing party cannot recover additional expert fees unless such fees are authorized by statute.  *Sacco*, 2008 WL 2858652, at *2; *see United States for Use and Benefit of Evergreen Pipeline Const. Co.*, 95 F.3d at 173.  This case arises under the Age Discrimination in Employment Act, which does not authorize the recovery of additional expert fees.  *See* 29 U.S.C. § 621, et seq.

Ridley may recover $40 for the day Dr. Shields attended court.  Ridley has not requested costs for travel expenses.

## 4. COSTS OF MAKING COPIES

The Union requests $852.00 for copying costs.  Costs of making copies of materials are taxable if "the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

---

[1] $103.85 for the transcripts of Mr. Gallagher's testimony and $82.50 for the transcripts of Mr. Burns's testimony.

-5-

The Union bears the burden of proving the reasonableness of the charges. *Rotella v. Bd. of Educ. of City of NY*, No. CV 01-0434, 2002 WL 59106, at *5 (E.D.N.Y. Jan. 17, 2002).

In this case, the Union has failed to explain how its copying costs were necessarily obtained for use in the case. The Union attached a cost listing to its bill of costs but did not attach copies of the documents. The cost listing only provides very general descriptions of the charges, and certain charges are listed several times. It is not clear from the cost listing whether repeated entries pertain to different documents, revised versions of the same document, or additional copies of the same document. The Union may be entitled to recover some of its copying costs, but it has not provided sufficient information for the Court to determine which costs were reasonably necessary for use in the case. Thus, the Union's request for copying costs is denied.

**5. DOCKET FEES UNDER SECTION 1923**

Ridley seeks $20 for docket fees. Docket fees are recoverable, but Ridley has not offered any evidence that it paid a docket fee. Thus, Ridley's request for docket fees is denied. Accordingly,

IT IS ORDERED:

1) Ridley should recover $103.85 for transcript costs and $40 for witness fees.

-6-

2) The Union should recover $186.35 for transcript

costs.

DATED this 10th day of December, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court